IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CARMIE COLLEY**,

      Plaintiff,

vs.                                          No. **CIV 03-0295 MCA/RLP**

**ROBERT KENNEDY**, a Deputy of the
Bernalillo County Sheriff's Department,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's *Motion to Dismiss* [Doc. No. 2] filed on June 2, 2003. Having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court **grants in part** and **denies in part** Defendant's *Motion to Dismiss*.

**I.    BACKGROUND**

Plaintiff Carmie Colley has sued Defendant Robert Kennedy, a deputy of the Bernalillo County Sheriff's Department, for deprivation of her civil rights, 42 U.S.C. § 1983, in connection with incidents that occurred on or about March 3 and 4, 2000. On or about March 3, 2000, Colley called 911 because her son, a heart patient visiting from Ohio, was having difficulty breathing. Among those to respond was Deputy Kennedy. As Colley responded to paramedics' questions concerning her son, sheriff's deputies, including Kennedy, were speaking with—then assaulting—another resident of the premises. When

Colley approached the deputies to question their behavior, she was grabbed by Kennedy and sprayed with pepper mace. Colley walked away from Kennedy, who continued to spray her. Emergency personnel treated Colley for her asthmatic reaction to the mace. Colley then learned that the resident who had been assaulted had locked the officers out of the home. Colley succeeded in gaining entry onto the premises and was arrested for disorderly conduct and resisting or obstructing an officer when she told the resident, "We'll sue them." [Doc. No. 1].

On March 4, 2000, Kennedy filed a criminal complaint against Colley in the Bernalillo County Metropolitan Court, claiming that Colley appeared to be intoxicated, interfered with emergency personnel, refused to leave the area where paramedics were working, and attempted to resist arrest by running away. Although the criminal complaint has not been made a part of the record, these allegations are set forth in the Complaint Colley has filed in this Court. As a consequence of the criminal complaint, Colley was kept in custody for more than 24 hours, at which time she was able to post bond. On December 14, 2000, the complaint against Colley was dismissed with prejudice. On March 7, 2003, Colley filed this civil-rights action, alleging that Kennedy's conduct violated her rights, privileges, and immunities under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. [Doc. No. 1].

Kennedy now moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. He argues that, because Colley's claims arose on March 3, 2000, the date of her arrest, they are time-barred by the applicable three-year statute of limitations.

[Docs. No. 2 and 3].  In response, Colley asserts that, under Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny, the statute of limitations did not begin to run until December 14, 2000, the date on which the criminal complaint against her was dismissed.  According to Colley, because at least some of her claims are timely, the interests of judicial economy dictate that all of her claims should be deemed to have accrued on December 14, 2000.  [Doc. No. 9].  Kennedy replies that, even assuming some of Colley's claims arose on December 14, 2000, and therefore are timely, the Tenth Circuit has expressly rejected a blanket application of Heck, opting instead for an individual analysis of each claim.  [Doc. No. 11].

## II. ANALYSIS

### A. Standard of Review

#### Dismissal for Failure to State A Claim

Under Fed. R. Civ. P.12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted.  Dismissal on this ground may occur *sua sponte* or upon a defendant's motion.  See Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir.), cert. denied, 534 U.S. 922 (2001).  When requested in a defendant's motion, dismissal under this rule is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir.1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's

complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991). Accordingly, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. GFF Corp., 130 F.3d at 1384.

**B.     42 U.S.C. § 1983 and the Applicable Statute of Limitations**

42 U.S.C. § 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In Garcia v. Wilson, the Tenth Circuit explained that "[a]lthough section 1983 creates a cause of action for violations of constitutional rights, it is solely a procedural statute which does not itself grant any substantive rights." Garcia v. Wilson, 731 F.2d 640, 650 (10th Cir. 1984), aff'd, 471 U.S. 261 (1985), citing Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617-18 (1979). Rather, the elements of a § 1983 claim are the deprivation of rights secured by the Constitution or federal law, and action occurring under color of state law. As a consequence of its determination that every such claim is in essence an action for injury to personal rights, the Court went on to hold that "all section 1983 claims in this circuit will be uniformly so characterized for statute of limitations purposes." Id. at 651. Accordingly, the Court concluded that, with respect to claims arising under § 1983,

"the appropriate limitations period is that found in N.M.Stat.Ann. § 37-1-8 (1978), which provides that '[a]ctions must be brought . . . for an injury to the person or reputation of any person, within three years.'" Id. at 651.

### C.  Colley's Claims

As an initial matter, the Court notes the Complaint's failure to address specifically the causes of action upon which Colley bases her claims. The Court has strained to identify Colley's specific causes of action.  However, a close and careful reading of the Complaint, together with the Memorandum in Support of the Motion to Dismiss, the Response to the Motion to Dismiss, and the Reply on the Motion to Dismiss, leads the Court to construe Colley's claims as sounding in false arrest, use of excessive force, and malicious prosecution.  [See Docs. Nos. 1-3, 9, 11].

#### 1.  False Arrest

Colley alleges that, on March 3, 2000, Kennedy "arrested her without probable cause for disorderly conduct and resisting or obstructing an officer."  [Doc. No. 1 at 3].  The next day, March 4, 2000, Kennedy filed a criminal complaint against Colley in the Bernalillo County Metropolitan Court.  On December 14, 2000, that complaint was dismissed with prejudice.  [Id.].  It was not until more than three years later, however, on March 7, 2003, that Colley filed the instant § 1983 action.  [Doc. No. 1; Dkt. Entry 1].  As noted above, the statute of limitations for an action brought pursuant to § 1983 is three years.  Garcia, 731 F.2d at 651.  In some circumstances, however, the initiation a § 1983 action must await the

outcome of the proceedings giving rise to the plaintiff's civil-rights claim. For example, in Heck v. Humphrey, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck, 512 U.S. at 486-87. In Beck v. City of Muskogee Police Dep't, the Tenth Circuit, faced not with a conviction but, instead, with a dismissed charge, concluded that Heck similarly "precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed." Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999). Disagreeing with the district court's blanket application of Heck, the Court stressed that because not all of a plaintiff's asserted claims will necessarily imply the invalidation of a conviction that might result from prosecution of a dismissed charge, each claim "must be assessed individually to determine whether it has yet matured, and if so, when it matured for purposes of applying the statute of limitations." Id. Speaking specifically of claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, and search and seizure, the Beck Court explained that while

> nothing in Heck changes the general rule that causes of action relating to an allegedly illegal arrest arise at the time of the arrest . . . [,] Heck did note an example of a logical exception to the general rule— when a plaintiff *convicted*

-6-

> of resisting arrest challenges the legality of the arrest. Such an action would be premature because it challenges one of the elements necessary to the conviction.

Beck, 195 F.3d at 558 (citing Heck, 512 U.S. at 486 n. 6) (emphasis added).

In this case, the proceedings against Colley for resisting arrest ended not with a conviction but with the dismissal of the criminal complaint. [Doc. No. 1 at 3]. Even assuming that Colley's false-arrest claim, to the extent it arose from the charge of resisting arrest, might be characterized as "an example of a logical exception" to Heck's general rule that causes of action relating to an allegedly illegal arrest arise at the time of the arrest, that same claim, inasmuch as it stemmed from the charge of disorderly conduct, is deemed to have arisen at the time of the arrest. See Beck, 195 F.3d at 558 (citing Heck, 512 U.S. at 486 n. 6). Because Colley filed her § 1983 action more than three years after the date of her arrest, the § 1983 action, to the extent it alleges a false arrest, is time-barred.

### 2. Use of Excessive Force

Colley next appears to allege that Kennedy employed excessive force in arresting her, in violation of her Fourth Amendment right to be free from unreasonable seizure. [Doc. No. 1 at 2-3; Doc. No. 9 at 1, 4]. In the context of a § 1983 action alleging an unreasonable seizure predicated on the use of excessive force, the Tenth Circuit has specifically held that Heck does not prevent a plaintiff from going forward with a civil-rights action, since, in such a case, success does not necessarily depend on the plaintiff's having negated the element of the arrest's lawfulness. Martinez v. City of Albuquerque, 184 F.3d 1123, 1125 (10th Cir.

1999).  Because there was no Heck bar to Colley's excessive-force claim, her § 1983 action, to the extent it alleges the use of excessive force, is time-barred.

### 3. Malicious Prosecution

Colley's remaining claim appears to be one for malicious prosecution in connection with false allegations set forth in Kennedy's criminal complaint against her. [Doc. No. 1 at 4]. In Taylor v. Meacham, the Tenth Circuit noted a circuit split with respect to the elements of liability for the constitutional tort of malicious prosecution under § 1983.  Taylor v. Meacham, 82 F.3d 1556, 1560 (10th Cir.), cert. denied, 519 U.S. 871 (1996).  The Court explained that the generally accepted starting point for determining the contours of a § 1983 malicious-prosecution claim is the common law of torts.  Id. at 1561.  At the time of the Taylor decision, the common law required a malicious-prosecution plaintiff to establish (1) the institution of civil proceedings by the defendant; (2) malice; (3) a lack of probable cause; (4) termination of such proceedings in plaintiff's favor; and (5) damages.  In 1997, however, the Supreme Court of New Mexico altered these traditional common-law elements when it combined the torts of malicious prosecution and abuse of process into the single cause of action of malicious abuse of process, which is defined by the following elements: (1) the initiation of judicial proceedings against the plaintiff by the defendant; (2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; (3) a primary motive by the defendant in misusing the process to accomplish an illegitimate end; and (4) damages.  DeVaney v. Thriftway Mktg. Corp., 124 N.M. 512, 517, 518 (1997), cert. denied, 524 U.S. 915 (1998).  While the requirement of a favorable

termination of the underlying proceedings notably is no longer an element of the plaintiff's case, nothing in DeVaney appears to change the longstanding rule that a cause of action for malicious prosecution (or, as the tort is now called, malicious abuse of process), accrues upon the termination of the underlying proceeding. See id. at 521-22; see also Heck, 512 U.S. at 489 ("a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor"). Rather, DeVaney sets out differing standards of proof depending on when the plaintiff opts to initiate malicious-abuse-of-process proceedings. See DeVaney, 124 N.M. at 521-22 (explaining that a plaintiff who asserts a malicious-abuse-of-process claim prior to termination of the underlying claim, for example by counterclaim, must prove her case by clear and convincing evidence, whereas a plaintiff who chooses to delay her action until termination of the underlying proceeding need satisfy only the preponderance-of-the-evidence standard of proof).

In this case, there appears to be no dispute that the criminal complaint against Colley was dismissed with prejudice on December 14, 2000. [Doc. No. 1 at 3; (Docket No. No. 11 at 1]. Because the date of accrual for a malicious-prosecution claim apparently remains unaffected by DeVaney's merging of the torts of malicious prosecution and abuse of process, Colley's § 1983 action, to the extent it alleges malicious prosecution, is deemed to have accrued on December 14, 2000, and thus is timely as having been filed within the applicable three-year statute of limitations.

## III.     CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendant's *Motion to Dismiss* [Doc. No. 2].

**IT IS, THEREFORE, ORDERED** that Defendant's *Motion to Dismiss* [Doc. No. 2] is **GRANTED** with respect to Plaintiff's allegations of false arrest and use of excessive force and **DENIED** with respect to Plaintiff's allegation of malicious prosecution.

**SO ORDERED,** this **8th** day of **March, 2004**, in Albuquerque, New Mexico.

                                                                                      _____
                                                                                      **M. CHRISTINA ARMIJO**
                                                                                      *United States District Judge*